**CHAMPION AUTO BODY and Colorado Compensation Insurance Authority, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and Angel Gallegos, Respondents.**

**No. 97CA0199.**

Colorado Court of Appeals, Div. I.

Nov. 13, 1997.

Rehearing Denied Jan. 2, 1998.

**672**

Curt Kriksciun, Denver, for Petitioners.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Law Firm of Rod Gloria, P.C., Elaine Corey, Denver, for Respondent Angel Gallegos.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge TAUBMAN.

Petitioners, Colorado Compensation Insurance Authority and Champion Auto Body (collectively employer), seek review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed an order of an Administrative Law Judge (ALJ) that had awarded Angel Gallegos (claimant) temporary total and temporary partial disability benefits. We affirm.

The essential facts as found by the ALJ are as follows. On February 8, 1996, the claimant sustained a compensable injury while performing his duties as a painter's helper at employer's auto body shop. As a result, the treating physician imposed restrictions which precluded the claimant from performing his regular duties. Thereafter, on February 13, 1996, the claimant was terminated from his employment for reasons which were not his fault. The claimant remained unemployed until May 3, 1996, when he obtained part-time employment within his work restrictions at a restaurant.

At all relevant times, the claimant was a Mexican national who did not possess legal work status in the United States.

Under the circumstances, the ALJ held that the claimant was entitled to temporary total disability benefits from February 13 through May 2, 1996, and temporary partial disability benefits thereafter.

The ALJ further rejected the employer's arguments that the claimant's lack of "legal work status" prevented him from receiving temporary disability benefits. He concluded that the claimant's lack of "legal work status" did not constitute an "intervening event" sufficient to sever the causal relationship between the industrial injury and the claimant's wage loss. Additionally, he concluded that, because a claimant's entitlement to workers' compensation benefits is not derived from his immigration status, but from his status as a worker, the claimant's lack of "legal work status" here did not bar him from receiving temporary disability benefits.

The Panel affirmed. In doing so, it rejected the employer's argument that, because claimant lacked "legal work status," he suffered from a legal disability which was the sole cause of his wage loss and thus could not prove entitlement to temporary partial disability benefits.

**A.**

■ Employer contends that, because the claimant was an undocumented alien, employers were precluded from hiring him pursuant to the provisions of the Immigration Reform and Control Act of 1986 (IRCA), 8

U.S.C. § 1324a(a) through (h) (1994). Therefore, the employer reasons, the claimant was under a "legal disability" which prevented him from working and which precluded him, as a matter of law, from proving any wage loss for purposes of showing entitlement to temporary partial disability benefits. Consequently, employer argues, the ALJ erred in awarding the claimant any temporary partial disability benefits. We are not persuaded by employer's argument.

Section 8–42–103(1), C.R.S.1997, requires a claimant seeking disability benefits to establish a causal connection between a work-related injury and a subsequent wage loss. Further, the payment of temporary partial disability benefits is mandatory under the statute until one of the statutory conditions for terminating such benefits is met. Colo. Sess. Laws 1991, ch. 219, § 8–42–106 at 1306.

■ Under the statute, if a claimant establishes that his or her work-related injury contributed to some degree to a temporary wage loss, the claimant is eligible for temporary disability benefits. See *PDM Molding, Inc. v. Stanberg*, 898 P.2d 542 (Colo.1995). However, the employee need not prove that the work-related injury was the sole cause of the wage loss in order to establish eligibility for temporary disability benefits. Rather, benefits are precluded only when the work-related injury plays no part in the subsequent wage loss. Therefore, if the injury contributed in part to the wage loss, temporary partial disability benefits can be denied only if one of the statutory conditions is satisfied. See *Horton v. Industrial Claim Appeals Office*, 942 P.2d 1209 (Colo.App. 1996); Colo. Sess. Laws 1991, ch. 219, § 8–42–106 at 1306.

Under the Workers' Compensation Act, § 8–40–101, et seq., C.R.S.1997, the definition of an employee entitled to coverage under the Act includes "aliens" without distinguishing between legal and illegal aliens. See §§ 8–40–202(1)(b) & 8–40–301, C.R.S. 1997.

■ Under IRCA, it is unlawful for an employer knowingly to hire an alien who is unauthorized to be employed in the United States, or to continue to employ an alien with the knowledge that his or her employment is unauthorized. 8 U.S.C. §§ 1324a(a)(1) & (2) (1994). Employers who fail to comply with the statutory requirements for hiring, verification, and firing are subject to sanctions. See 8 U.S.C. §§ 1324a(e)(4), 1324a(e)(5), and 1324a(f), (1994). However, under IRCA, an undocumented alien is not prohibited from seeking or accepting employment in the United States. See Ontiveros, *To Help Those Most in Need: Undocumented Workers' Rights and Remedies Under Title VII*, 20 N.Y.U. Rev. L. & Soc. Change 607, 612 (1994); Bosniak, *Exclusion and Membership: The Dual Identity of the Undocumented Worker Under United States Law*, 1988 Wisc. L.Rev. 955, 979 n. 90 (1988).

Here, the claimant entered into an employment contract subsequent to his termination from employer's business and relied on his earnings from the second employment to prove entitlement to temporary partial disability benefits.

Since IRCA did not prohibit the claimant from entering into an employment contract, we disagree with employer's argument that claimant was under a "legal disability" which prevented him from working. See *Mendoza v. Monmouth Recycling Corp.*, 288 N.J.Super. 240, 672 A.2d 221 (1996) (the disability under which an illegal alien works does not justify withholding workers' compensation benefits).

Accordingly, we hold that IRCA provisions barring employers from hiring undocumented workers did not create a legal disability that precluded the claimant as a matter of law from proving an entitlement to temporary disability benefits.

### B.

■ We also conclude, contrary to the employer's arguments, that the Panel correctly determined, under *PDM Molding, Inc. v. Stanberg, supra*, that the claimant had proven his entitlement to temporary partial disability benefits subsequent to his termination.

The ALJ found that the claimant's post-injury wage loss was not solely the result of his work status, but was also the result of his

industrial injury. We agree with the Panel that this conclusion was fully supported by the evidence that the claimant was able to find work, despite his immigration status, both before and after the industrial injury. Thus, the ALJ appropriately inferred that claimant's injury impaired his ability to earn wages at the pre-injury rate, and that his work status was not the sole factor causing his wage loss.

Because of this conclusion, we do not consider claimant's additional argument, based upon *Rivera v. United Masonry, Inc.*, 948 F.2d 774 (D.C.Cir.1991), that adoption of employer's arguments would lead ineluctably to the denial of permanent disability benefits to undocumented workers under Colorado's Workers' Compensation Act.

Order affirmed.

METZGER and ERICKSON *, JJ., concur.